**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

IN THE MATTER OF THE SEARCH OF:

10 BRONSON STREET, FIRST FLOOR
WATERBURY, CONNECTICUT

No. 3:18mj1470(RMS)

**FILED UNDER SEAL**

### AFFIDAVIT OF SPECIAL AGENT JAMES KECZKEMETHY
### IN SUPPORT OF APPLICATION FOR SEARCH WARRANT

I, James Keczkemethy, being duly sworn, depose and state as follows:

### BACKGROUND AND EXPERIENCE

1. I am a Special Agent employed by the Drug Enforcement Administration ("DEA"), and have been so employed since May 11, 2018. As a DEA Special Agent, I am authorized to investigate violations of the laws of the United States, including violations of the federal narcotics laws in Title 21 of the United Stated Code. Prior to my employment with DEA, I was a Police Officer in Hartford, Connecticut for over 6 years and was responsible for enforcing State of Connecticut motor vehicle and criminal laws; including but not limited to, narcotic violations.

2. During my law enforcement career I have participated in numerous investigations and arrests involving violations of state and federal controlled substances laws, including Title 21, United States Code, Sections 841(a)(1) and 846. Many of those investigations resulted in arrests, indictments and convictions for violations of drug laws and/or other criminal offenses, the seizure of drugs, money, and vehicles and the forfeiture of personal property. My investigations have included the use of surveillance techniques, tracking warrants, and the execution of search, seizure and arrest warrants. I have participated in various aspects of narcotics investigations, including

controlled and undercover purchases. Based on my training and experience, I am familiar with the appearance, packaging, and texture of many controlled substances.

3. As a result of my training and experience, I am familiar with the methods, routines, and practices of individuals involved in the use, sale and trafficking of narcotics. I am also familiar with the various paraphernalia used to manufacture, compound, process, deliver, and dispense, import and export, and use controlled substances such as methamphetamine, fentanyl, heroin, cocaine, marijuana, prescription medications, and others. I have debriefed numerous defendants, informants, and witnesses who have had personal knowledge about drug activities and the operation of drug trafficking organizations. I have sworn out numerous affidavits in support of search warrants, arrest warrants, and other Court applications.

4. I am familiar with the facts and circumstances of the investigation described herein based on my personal participation in this investigation. I make this affidavit based upon personal knowledge derived from my participation in this investigation and upon information (whether received directly or indirectly) that I believe to be reliable from numerous sources, including but not limited to the following:

    a. My training and experience investigating narcotics trafficking offenses;

    b. Oral reports, written reports, and documents that I have received from DEA and local law enforcement agents;

    c. Business records;

    d. The review of wiretap interceptions;

    e. Telephone toll records and telephone subscriber information;

    f. Queries of law enforcement records and intelligence databases; and

    g. Information obtained from a cooperating defendant.

5. This affidavit is being submitted for the limited purpose of establishing probable cause for the issuance of this search warrant. I have not included each and every fact known to me and other law enforcement officers involved in this investigation, but only such facts necessary to establish probable cause to obtain the search warrant.

## PURPOSE OF THE AFFIDAVIT

6. This affidavit is submitted in support of an application for a search warrant pursuant to Federal Rule of Criminal Procedure 41 for a residential apartment located at 10 Bronson Street, First Floor, Waterbury, Connecticut. The premises to be searched is further described in Attachment A, which is incorporated by reference.

7. Probable cause exists to believe that the requested search warrant will constitute or lead to evidence of federal criminal offenses, namely, the distribution of controlled substances, in violation of 21 U.S.C. § 841(a)(1) and conspiracy to commit narcotics trafficking offenses, in violation of 21 U.S.C. § 846, as well as the identification of individuals who are engaged in the commission of these offenses. The items to be seized are further described in Attachment B, incorporated by reference.

## PROBABLE CAUSE

8. On September 18, 2018, DEA investigators interviewed a cooperating defendant ("CD"). CD had been arrested earlier that afternoon based on his involvement in narcotics trafficking. Upon initial questioning, CD would only provide investigators with part of his true name. However, upon confrontation, CD provided investigators his full name. CD has at least five criminal convictions; two for narcotics offenses and three for using counterfeit identification documents. CD has been arrested at least ten times for various offenses that did not result in criminal convictions. CD has now been charged in state court with a number of criminal offenses,

3

including possession with intent to distribute cocaine, possession of false identification documents, and possession of a firearm by a convicted felon. CD is also in the country illegally after being previously deported twice. CD provided information to law enforcement in the hopes of more lenient treatment at sentencing.

9. CD stated that a Hispanic male named "Daniel" resides at 10 Bronson Street 1st Floor, Waterbury, Connecticut. CD stated that "Daniel" sells drugs. CD stated that "Daniel" is tall, dark skinned, 28-30 years old, Hispanic male, skinny with dreadlocks in his hair. CD stated that "Daniel" operates a blue Ford Explorer. CD described a small statue of an owl (*Buho*) that s/he stated contained approximately 500 grams of Heroin. CD stated that the heroin was of "original" quality and from "over there." The investigators interviewing CD understood this to mean that the heroin was uncut and from the Dominican Republic. CD stated that s/he provided the *Buho* to "Daniel" on September 17, 2018 inside of 10 Bronson Street, First Floor, Waterbury, Connecticut.

10. Investigators have not had the opportunity to fully test CD's reliability. However, the information provided by CD as to 10 Bronson Street is corroborated by the prior investigation of CD, including wiretap interceptions of CD's telephone. Specifically, on August 3, 2018, United States District Judge Richard J. Stearns of the District of Massachusetts signed an order authorizing the interception of wire communications and electronic communications to and from a telephone used by CD. On August 31, 2018, Judge Stearns signed an order authorizing the continued/initial interception of wire and electronic communications to and from two telephones used by CD. During the interception period, investigators intercepted CD conducting his drug trafficking business. These interceptions touch upon the involvement of CD with Daniel and 10 Bronson Street. Notably, investigators did not tell CD before or during the interview on September 18,

4

2018 that his phone was subject to an order authorizing the interception of wire communications and electronic communications.

11. On September 17, 2018, at approximately 6:28 p.m., CD made an outgoing call to a phone number ending in 9734 and spoke to an unknown male ("UM9734"). During the call, CD told UM9734, "I have half a brown there. I sold half and have half left." UM9734 asked, "You have half left." CD responded, "Yes." UM9734 said, "Okay." CD said, "I am here in New London . . . But now I'm going to Waterbury . . . to talk with a guy, I don't know if he wants it or what. Do you want any?" UM9734 answered, "Let me see it. If it's good, I can…" CD said, "It's still in the little *Buho*. I can show it to you if you want." UM9734 said, "Yes show me, give me a sample so I can give it to the guy. If he wants it, great." CD responded, "All right, I'll take it out to you in a bit." CD told UM9734 that he would call when he was in the area. Based on my training, experience, and familiarity with the investigation, I believe that CD and UM9734 were discussing the heroin ("I have half a brown there.") in the "*Buho*."

12. On September 17, 2018, at approximately 8:45 p.m., CD made an outgoing call to a phone number ending in 9734 and spoke to UM9734. CD said, "I have the thing here. Where do I meet you? For you to check it." UM9734 responded, "Um…let me see." After UM9734 asked where CD was, CD responded, "I'm in the area by Bronson, in a bodega on Bronson." Based on the specific location information of CD's phone as reported by T-Mobile, CD was located at 10 Bronson Street in Waterbury from approximately 7:58 p.m. until 8:57 p.m. that day. The call continued, and UM9734 and CD agreed to meet at a barbershop on 651 East Main. Based on the specific location information of CD's phone as reported by T-Mobile, CD was located at 651 E Main Street in Waterbury at approximately 9:12 p.m. that day.

13.     On September 17, 2018, CD made an outgoing call to a phone number ending in 8921 and spoke to FNU LNU a/k/a SANTIAGO ("SANTIAGO"). During the call, CD stated that he was at a nightclub, at Prestige, with Daniel. Based on the specific location information of CD's phone as reported by T-Mobile, CD was located at Prestige Bar & Restaurant in Waterbury Connecticut at approximately 9:42 p.m. that day. During this call, SANTIAGO asked, "Are you coming down here?" CD answered, "No, because tomorrow I need to pick you up or something if I'm go down because the guy from Utah arrives tomorrow at 10:00 a.m. He brought a whole one. And I have to bring it up here, to bring it to Daniel for 40….or sell it to my buddy from down there or to Arismendi." Based on my training and experience, I believe that CD was discussing meeting an associate ("the guy from Utah") who was bringing approximately one kilo of drugs for CD to sell ("he brought a whole one"). Acting on this information, law enforcement identified an individual who flew from Salt Lake City on September 17, 2018 and landed in Massachusetts on September 18, 2018 and later picked-up CD in a vehicle. Law enforcement then stopped and searched the vehicle and found approximately 700 grams of cocaine.

## CONCLUSION

14.     As set forth above, CD has provided information to law enforcement that heroin is currently located at 10 Bronson Street, First Floor, Waterbury, Connecticut. The information provided by CD has been corroborated by wiretap intercepts and specific location information showing the connection of that location to the drug trafficking business that CD was involved in prior to his arrest on September 18. Accordingly, I submit that there is probable cause to believe that evidence of violations of 21 U.S.C. § 841(a)(1) and conspiracy to commit narcotics trafficking offenses, in violation of 21 U.S.C. § 846 as set forth in Attachment B will be found at 10 Bronson Street, First Floor, Waterbury, Connecticut.

## REQUEST FOR SEALING

15. It is respectfully requested that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the this affidavit, the application, and the search warrant. I believe that sealing these documents is necessary because the items and information to be seized are relevant to an ongoing investigation. Specifically, these documents reference an ongoing wiretap investigation, and conversations intercepted pursuant to that investigation, that have not yet been fully disclosed to the Target Subjects of that investigation or the participants in those conversations (with the exception of limited information provided to CD during his interview on September 18). Based upon my training and experience, I have learned that online criminals actively search for criminal affidavits and search warrants via the Internet, and disseminate them to other online criminals as they deem appropriate, i.e., post them publicly online through the carding forums. Premature disclosure of the contents of this affidavit and related documents may have a significant and negative impact on the continuing investigation and may severely jeopardize its effectiveness.

Respectfully submitted,

SA *(signature)*
James Keczkemethy
Special Agent, DEA

Subscribed and sworn to before me on September 20, 2018

/s/ Robert M. Spector
Hon. Robert M. Spector
United States Magistrate Judge